1  James Weiler, AZ Bar No. 034371
2  Jason Barrat; AZ Bar No. 029086
   **WEILER LAW PLLC**
3  5050 N.40ᵗʰ St., Suite 260
   Phoenix, AZ 85018
4  Tel & Fax: 480.442.3410
5  jweiler@weilerlaw.com
   jbarrat@weilerlaw.com
6  www.weilerlaw.com

7
   Attorneys for Plaintiff
8

9              **UNITED STATES DISTRICT COURT**

10             **DISTRICT OF ARIZONA**

11

12 **Carlos Noperi**, an Arizona resident;        **Case No. 4:25-CV-00213-JCH**

13              Plaintiff,

14     v.                                          **PLAINTIFF'S MOTION FOR
                                                   CONDITIONAL CERTIFICATION**
15 **Viva    Burrito    Development
   Corporation**, an Arizona company; and
16 **Juan Beltran** an Arizona resident;          **(Assigned to the Hon. John C
                                                   Hinderaker)**
17
                Defendants.
18

19
          Plaintiff seeks to conditionally certify a collective action pursuant to Section 216(b)
20
21 of the Fair Labor Standards Act ("**FLSA**") consisting of:

22     **All  restaurant  workers  (or  similar  job  titled;  who  work[ed]  for
       Defendant Viva Burrito and/or Juan Beltran within the past three years;
23     who work[ed] over 40 hours in any given workweek as a past or present
       employee; who did not receive time-and-a-half overtime compensation
24     are known as (the "Collective Members").**
25
          Through this lawsuit, Plaintiff Noperi ("**Plaintiff**" or "**Noperi**") seeks to recover
26
27 unpaid overtime wages for himself and the Collective Members, requiring the proper

28

WEILER LAW PLLC
5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

payment of overtime wages to employees, under the collective action mechanism of the FLSA, 29 U.S.C. § 216(b).

In collective actions brought under Section 16(b) of the FLSA, an employee's statute of limitations will continue to run and will only commence "when, and only when, his [or her] written consent to become a party plaintiff to the action is filed in the court in which the action was brought." 29 U.S.C. § 257.  As a result of this distinction, expedited notice to  potential opt-in plaintiffs is essential to ensure timely assertion of putative class members' rights.

This motion seeks permission to send the Collective Members notice under 29 U.S.C. § 216(b), informing them of their right to join this case and allowing them to decide whether to seek their unpaid wages.  Conditional certification of this lawsuit as a collective action and resulting notice to potential plaintiffs is essential because each day that notice does not go to potential plaintiffs, it potentially constitutes another day that has been lost under the FLSA's statute of limitations.  Any delay by Defendants or unexpected delay by the Court in this ruling could give potential opt-in Plaintiffs an equitable tolling argument. Therefore, courts apply a lenient standard at this stage and routinely quickly order conditional certification of a collective action for this very reason.

The parties have conducted extremely limited discovery and Plaintiff has not had the opportunity to take any depositions or request or receive written discovery.  Through Plaintiff's Declaration ("**Exhibit 1**") and the detailed allegations in Plaintiff's Collective Action Complaint (Dkt. 1), Plaintiff demonstrates that Defendants' employees are similarly situated with respect to Defendants' payroll policies and practices of failing to pay Plaintiff and the Collective Members the required time and a half overtime premium for hours over

WEILER LAW PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

40 in a given workweek.  Plaintiff has thus provided more than the "substantial allegations" necessary to satisfy the lenient standard for conditionally certifying a collecting action and authorizing notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

As defined above, Plaintiff brings this action on behalf of himself and the Collective Members.

Plaintiff Noperi worked for Defendants full-time from on or around December 31, 2008, to on or around March 25, 2025.  (Exhibit 1, at ¶¶ 2, 3,).  Plaintiff Noperi was paid $15.00 an hour.  (Exhibit 1, at ¶ 4).  Plaintiff Noperi was expected to work every single day, often working 12-hour shifts. (Exhibit 1, at ¶¶ 6, 7). Plaintiff Noperi was paid straight time for hours worked over 40 hours per week. (Exhibit 1, at ¶ 5).  Plaintiff Noperi's coworkers witnessed him working these long hours. (Exhibit 1, at ¶¶ 8-13). Plaintiff discussed his lack of overtime pay with his coworker Flor Tobar. (Exhibit 1, at ¶ 14). Tobar told Plaintiff she too was often missing payment for overtime wages. (Exhibit 1, at ¶ 14).

### II.  LEGAL ARGUMENT SUPPORTING CONDITIONAL CERTIFICATION

Plaintiff seeks conditional certification of his FLSA claim pursuant to 29 U.S.C. § 216(b).  Plaintiff seeks certification of the following:

> **All restaurant workers (or similar job titled); who work[ed] for Defendant Viva Burrito and/or Juan Beltran within the past three years; who work[ed] over 40 hours in any given workweek as a past or present employee; who did not receive time-and-a-half overtime compensation are known as (the "Collective Members").**

Based on this preliminary factual evidence, there are other employees (both current and former) similarly situated to Plaintiff.  This case does not involve an exhaustive review

WEILER LAW PLLC
5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

of the workers' duties and/or job titles.  It simply involves the question of whether Plaintiff and other Collective Members were not paid time-and-a-half for hours they worked in excess of 40 per workweek.  Defendants had a similar pay scheme/policy to deprive other putative class members of overtime pay when they worked over 40 hours.  "*See O'Neal v. America's Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2016 U.S. Dist. LEXIS 72064, 2016 WL 3087296, at *4 (D. Ariz. June 2, 2016) ("plaintiffs must provide only substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan.")."  *Lopez v. PT Noodles Holdings Inc.*, 2021 U.S. Dist. LEXIS 268686, *14.

A.    **Overview and Purpose of FLSA Collective Actions and Court Supervised Notice.**

Under the FLSA, an action for unpaid overtime wages may be maintained "by any one or more employees" individually, and on behalf of any other employees who are "similarly situated." 29 U.S.C. § 216(b).  Unlike a traditional Rule 23 class, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*  The opt-in collective action mechanism serves  the dual purpose of lowering litigation costs for individual plaintiffs and decreasing the burden on the courts, through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

This distinct "opt-in" structure of § 216(b) also heightens the need for employees to "receiv[e] accurate and timely notice concerning the pendency of the collective action." *Id.* Because each employee's statute of limitations continues to run until the filing of his

or her written consent, it is imperative that a motion for conditional certification be filed and decided early in litigation, prior to a determination of the case on the merits.  *See, e.g.*, *Kalish v. High Tech. Inst.*, No. 04-cv-1440 (JRT/JSM), 2005 WL 1073645, at *3 & n.1 (D. Minn. Apr. 22, 2005) (*citing Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).

### B.    Plaintiff Meets the Lenient Standard for Conditional Certification.

Section 216(b) does not define 'similarly situated,' and the Ninth Circuit has not construed the term. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). Although courts in other circuits have taken different approaches in this determination, district courts within the Ninth Circuit follow the two-tiered or two-step approach for making a collective action determination." *Id.; see also Villarreal v. Caremark LLC*, No. Cv-14-00652-PHX-DJH, 2014 WL 4247730, at *3 (D. Ariz. Aug. 21, 2014) ("The majority of courts, including those within the District of Arizona, have adopted the two-tiered approach in deciding whether to grant FLSA collection action status.") (internal quotations and alterations omitted).  Under the two-tiered approach,

> the Court first makes an initial "notice stage" determination of whether the plaintiffs are similarly situated. During this first stage, the Court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If the plaintiffs survive this hurdle, the Court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit the potential class members to opt into the lawsuit. Once the notification period ends, the Court moves on to the second step of the certification process. At the second step, in response to a motion to decertify the class filed by the defendant, the Court makes another determination whether the proposed class members are similarly situated; this time, however, the Court applies a much stricter standard to scrutinize the nature of the claims.

*Vasquez v. Dan Keen Servs.*, 2021 U.S. Dist. LEXIS 100673, *4-5. (D. Ariz. May 26, 2021) (internal quotations omitted). *See also Juvera v. Salcido*, 294 F.R.D. 516, 519–20 (D. Ariz.

2013) (internal citations omitted).

At the notice stage of an FLSA collective action, "all that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, No. CIV 92-453-PHX-RCB, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993). The allegations need not be "strong [n]or conclusive." *Colson, supra*, 687 F. Supp. 2d at 926.

"Given that a motion for conditional certification usually comes before much, if any discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage." *Schiller v. Rite of Passage, Inc.*, 2014 WL 644565, at *3 (D. Ariz. Feb. 19, 2014). At the notice stage, a "plaintiff's burden is low." *Harris v. Nat'l Waterproofing & Roofing LLC*, 2022 U.S. Dist. LEXIS 161477, *5 (D. Ariz. Sept. 7, 2022). The Court makes its determination based on the pleadings and any declarations that have been submitted. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). A plaintiff seeking conditional certification is not required to submit numerous declarations of other potential class members; rather "quality, not quantity, controls." *Scales v. Info. Strategy Design Inc.*, No. CV-18-00087-PHX-DLR, 2018 WL 6727265, at *3 (D. Ariz. Dec. 21, 2018). Even in cases where discovery has progressed and extensive fact-finding has occurred prior to the conditional certification stage, the lower scrutiny involved at step one still applies. *Vega v. All My Sons Bus. Dev. LLC*, 583 F. Supp. 3d 1244, 1253 (D. Ariz. Jan. 31, 2022).

"Whether a collective action should be conditionally certified ultimately is within

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

the discretion of the Court. But, given the light burden, motions to conditionally certify a class are typically granted." *Vasquez v. Dan Keen Servs.*, supra, 2021 U.S. Dist. LEXIS 100673, at *5-6 (internal quotations omitted).

Here, the first stage analysis is appropriate. This case is in the preliminary stages of litigation. There has been no exchange of discovery and no depositions have been taken. As such, the lenient standard applies. *Juvera, supra*, 294 F.R.D. at 520 ("The Court uses a fairly lenient standard because the Court does not have much evidence at this stage.").

As stated above, Defendants instituted a company-wide practice to deprive Plaintiff and other similar employees of being paid time-and-a-half for overtime wages.

Plaintiff's proposed class is properly limited to all employees who worked for Defendants and who were not paid time-and-a-half for hours worked over 40 in a given workweek. Plaintiff "need only show that there is some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice…. [Their] positions [must be] similar, not identical, to the positions held by putative class members." *Cooley v. Air Methods Corp.*, 2020 U.S. Dist. LEXIS 177139, *6 (D. Ariz. Sept. 25, 2020).

Plaintiff has submitted sufficient evidence to meet this lenient threshold for conditional certification.

### C.    Merit Based Arguments are Premature During this First Stage of Conditional Certification.

Defendants may argue conditional certification is improper because Plaintiff and the potential Collective Members are not similarly situated or some sort of exemption applies. However, as courts have repeatedly recognized, the arguments that go to the merits of

WEILER LAW PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N 40ᵗʰ St. – Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weierlaw.com

Plaintiff's claims are not yet ripe for resolution.  *Hart v. US Bank NA*, 2013 WL 5965637, at *3 (D. Ariz. Nov. 8, 2013).  Rather, "[a]ny variation in the putative class members' job responsibilities is a factor to be considered at the second stage of the analysis after completion of discovery." *Barrera v. U.S. Airways Grp., Inc*., No. CV-2012-02278-PHX-BSB, 2013 WL 4654567, at *6 (D. Ariz. Aug. 30, 2013); *see also Coyle v. Flowers Foods Inc*., No. CV-15-01372-PHX-DLR, 2016 WL 4529872, at *5 (D. Ariz. Aug. 30, 2016) (finding that arguments concerning possible differences in putative class members' job duties are more appropriately raised in a motion to decertify the conditional class).  Simply put, the underlying merits of the substantive claims are not at issue here. *See Colson, supra*, 687 F. Supp. 2d at 926.

### III.    PLAINTIFF'S PROPOSED NOTICE SHOULD BE APPROVED

#### A.    Plaintiff's Proposed Judicial Notice is Accurate and Informative.

Plaintiff's proposed judicial notice is appropriate.  "District courts may order notice to inform similarly situated employees of their right to opt into the case. "Vasquez, *supra*, 2021 U.S. Dist. LEXIS 100673, at *7 (citation omitted). Judicially authorized notice of a collective action under § 216(b) must be "timely, accurate, and informative." *Hoffmann-La Roche, supra*, 493 U.S. at 172.  Plaintiff's proposed judicial notice achieves the goal of providing workers accurate and timely notice concerning the pendency of this action without taking sides on the merits.  (*See* Proposed Notice and Consent Form, attached hereto as **Exhibit 2**).  Plaintiff's proposed court-approved notice to the potential opt-ins is "timely, accurate, and informative," as required. *Id.*  The notice informs the Collective Members of their rights to opt-in to this litigation in a neutral manner, provides that this

Court has yet to decide the merits of the dispute, and provides that Defendants cannot retaliate against them for asserting their rights.

**B.     The Court Should Approve Plaintiff's Plan for Notifying Potential Opt-In Plaintiffs.**

Plaintiff's plan for notifying putative class members is appropriate.  Notification "will permit the potential class members to opt into the lawsuit." *Vasquez, supra,* 2021 U.S. Dist. LEXIS 100673, at *5.  In *Vasquez,* after conditional certification was granted, proposed notice was found appropriate which included: 1) notification and consent to join forms to all putative class members; 2) identical reminders sent to all putative class members; and 3) posting of notice in a conspicuous location and notice included in current employee paychecks. *Vasquez, id,* at *6.  Similarly, Plaintiff requests appropriate delivery of notice to reach and adequately inform potential class members.

*1.  Notice Method*

Plaintiff requests that the Court authorize Notice in the form of:  (1) mailing of the proposed Notice, by Plaintiff's Counsel, to all known addresses of all potential opt-in plaintiffs; and (2) emailing[1] of the proposed Notice, by Plaintiff's Counsel, to all known

---

[1]     Courts have consistently found that email is an appropriate method of service of Notice. *See Scales v. Info. Strategy Design, Inc.*, 356 F. Supp. 3d 881, 888. (D. Ariz. Dec. 21, 2018)(finding first-class mail and e-mail an appropriate delivery method); *Phelps v. MC Communs, Inc.*, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) (permitting email notice because it is an efficient, reasonable, and low-cost supplemental form of notice); *Santiago v. Amdocs, Inc.*, 2011 WL 6372348, at *8 (N.D. Cal. Dec. 19, 2011) (permitting notice via email); *Goudie v. Cable Commc'ns, Inc.*, 2008 WL 4628394, at *9 (D. Or. Oct. 14, 2008) (permitting notice via email); *White v. Integrated Elec. Techs., Inc.*, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) ("Plaintiffs have submitted ample authority indicating that federal district courts…frequently utilize e-mail to provide notice of collective actions"); *Pippins v. KPMG LLP*, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today…email notice in addition to notice by first class mail is entirely appropriate"); *Lujan v. Cabana Mgmt., Inc.*, 2011 WL

WEILER LAW PLLC

5050 N 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

email addresses of all potential opt-in plaintiffs, (3) posting of the proposed Notice, by Defendants, in a conspicuous location in all its facilities until the opt-in period closes; and (4) inclusion of notice with paychecks to Defendants' current workers.

Plaintiff proposes that notice be sent to the putative class members twice:  the first time within seven days of receiving the list of putative class members and a second time forty-five days after, but only to those class members who have not joined at that time.  A reminder Notice is important.  Some potential FLSA opt-ins may not receive, open, or review the initial notice.  They may misplace it or forget about it.  Sending either the entire Notice a second time, or alternatively, a short reminder notice with a consent form helps to ensure all persons interested in joining the action do so within the prescribed period. The number of late opt-ins is typically higher without a reminder Notice than with it.  It reduces the Court's burden in deciding whether late opt-ins should be allowed to proceed with their colleagues or whether they should be dismissed, forcing them to file their own similar action(s) in the same Court, thereby creating duplicative litigation.

Courts have recognized the importance of a reminder notice, and Plaintiff requests for it to be authorized here as well.  *See Vasquez, supra,* 2021 U.S. Dist. LEXIS 100673, at *7; *Gee v Suntrust Mortg., Inc.*, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010); *Ortiz-Alvarado v. Gomez*, No. CIV. 14-209 MJD/SER, 2014 WL 3952434, at *6 (D. Minn. Aug. 13, 2014); *Volz v. Provider Plus, Inc.,* No. 4:15CV0256 TCM, 2015 WL 4255614, at *4 (E.D. Mo.

3235628, at *3 n.3 (E.D.N.Y. July 27, 2011) (finding email to be "a relatively unobtrusive option" for providing notice).

WEILER LAW PLLC

5050 N.40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

July 14, 2015); *Holliday v. J S Exp. Inc.,* No. 4:12CV01732 ERW, 2013 WL 2395333, at *10 (E.D. Mo. May 30, 2013).

### 2. Opt-In Method and Notice Period

Plaintiff further requests that the Court order a ninety (90) day notice period for employees to opt-in to the case. The Collective Members may execute their consent forms traditionally or electronically via DocuSign and/or Clio.

### 3. Production of a List of Potential Collective Members

Finally, prompt disclosure of the names and contact information for the putative class members is necessary for Plaintiff to provide those individuals with notice of the action. *See Hoffmann-La Roche*, 493 U.S. at 170. "[D]istrict courts have routinely ordered the production of names and addresses of potential collective action members to plaintiff's counsel." *Bados Madrid v. Peak Constr., Inc.*, 2009 WL 2983193, at *2 (D. Ariz. Sept. 17, 2009).

Plaintiff respectfully requests that, in addition to entering an order granting conditional and class certification and approving Plaintiff's Notice, the Court order Defendants to produce within three days of its order, a list in electronic and importable format, of all employees including: (1) their full name, (2) all known mailing addresses, (3) all known email addresses (work and personal), (4) employee identification number, if any, (5) last four digits of their social security number, (6) dates of employment, and (7) phone numbers. "The use of the telephone numbers as described by Plaintiff would aid in identifying potential opt-in plaintiffs and in avoiding directing notice to individuals who might share a name with a potential opt-in plaintiff, but who is not in that category. Thus, the Court recommends that Defendants provide telephone numbers for prospective opt-in

plaintiffs." *Fritch v. Orion Manufactured Hous. Specialists*, CV-21-00509-TUC-JGZ (JR), at *9 (D. Ariz. Apr. 27, 2022).

All the requested information is necessary to allow Plaintiff sufficient information to confirm current addresses and/or to locate those persons who may have moved through the BeenVerified.com website.  Phone numbers will not be used to contact individuals directly.

## IV.    CONCLUSION

At this preliminary stage, Plaintiff has come forward with sufficient factual bases from which this Court can determine that similarly situated plaintiffs exist.  Thus, the Court should grant Plaintiff's Motion and provide the following relief to Plaintiff:

(1)    Conditionally certify this case as a collective action with respect to the class definition as described above;

(2)    Authorize the Opt-In procedure outlined above; and

(3)    For any such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED May 19, 2025.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

I hereby certify that on May 19, 2025, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: /s/ Ashley Peschke

WEILER LAW PLLC

5050 N 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com